UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CALVIN ELLIS MANCE,

    Plaintiff,

    v.

AUTOZONERS LLC, et al.,

    Defendants.

Case No. 3:24-CV-932-CCB-SJF

## **OPINION AND ORDER**

Before the Court are Plaintiff Calvin Ellis Mance, Jr.'s Motion to Reopen Case and Vacate Dismissal Pursuant to Fed. R. Civ. P. 60(b)(1), (ECF 7), and his Motion to Consolidate Cases, (ECF 9). In the first of these motions, Mr. Mance asks the Court to reopen this closed case because he never received notice of the deadline set by the Court for him to amend his complaint. In the second, he seeks to consolidate this case with a related case in this District, *Calvin Ellis Mance Jr. v. Autozoners, LLC*, Case No. 3:25-cv-605 ("the '605 Action"). Defendants have not responded to either motion.

The Court will first address Mr. Mance's Motion to Consolidate. In this motion, Mr. Mance cites Federal Rule of Civil Procedure 42(a) for the proposition that the Court may consolidate actions that involve a common question of law or fact.[1] He then states that the '605 Action and this action are "parallel actions" that "involve identical underlying parties, arise from the exact same common nucleus of operative fact, and

---

[1] Mr. Mance also cites Local Rule 7-1 of this District for this proposition. This appears to be an error, as Rule 7-1 outlines motion practice before this Court and does not address consolidation at all.

assert identical legal elements regarding employment retaliation and common-law defamation per se against Autozoners, LLC." (ECF 9 at 2). In other words, Mr. Mance asserts that this action is duplicative of the '605 Action.[2]

This action predates the '605 Action. But while this action was dismissed on August 21, 2025, due to Mr. Mance's failure to amend his complaint, the '605 Action has been actively litigated. Parties have been served, motions to dismiss have been briefed, and Mr. Mance has already amended his complaint once. As the '605 Action has proceeded while this older action has lain dormant, and Mr. Mance himself maintains the '605 Action is duplicative of this action, the consolidation of this action with the '605 Action would do nothing more than introduce redundancy to the docket. Instead of "avoid[ing] unnecessary cost or delay," such redundancy would risk both. Fed. R. Civ. P. 42(a). Thus, this motion to consolidate is denied.

Mr. Mance's Motion to Reopen Case fails for similar reasons. Mr. Mance is right to emphasize the latitude granted to pro se litigants, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), as well as the Seventh Circuit's strong preference that litigants be afforded the opportunity to amend their complaints unless "*certain*" that such amendment would be futile, *Runnion v. Girl Scouts of Greater Chi. and Northwest Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). But the Seventh Circuit has also explained that an action may be dismissed when

---

[2] This identity between the actions is not apparent from the pleadings. Mr. Mance's Motion to Consolidate in this action refers to "employment retaliation and common-law defamation," claims that are echoed in the '605 Action. But the complaint in this action contains allegations that the Court previously observed were "so difficult to follow that the Court cannot discern whether there are sufficient facts to state any claim above the speculative level." (ECF 3 at 3). Thus, the Court takes Mr. Mance to be asserting that the claims he would raise should he be given leave to amend would be identical to those raised in the '605 Action.

it is "duplicative of a parallel action already pending." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir. 1993). Mr. Mance emphasizes the merits of this action in his motion, but he also states in his Motion to Consolidate that it is duplicative of the '605 Action. (ECF 9). Thus, Mr. Mance will not be deprived of adjudication on the merits if this case remains closed. Nor will the Court and the parties be subjected to the inefficiencies of permitting two identical cases to proceed along parallel tracks, especially when Mr. Mance has already defended motions to dismiss and amended his complaint in the '605 Action. This motion to reopen case is denied.

For these reasons, the Court **DENIES** Mr. Mance's Motion to Reopen Case and Vacate Dismissal Pursuant to Fed. R. Civ. P. 60(b)(1), (ECF 7), and **DENIES** his Motion to Consolidate Cases, (ECF 9). This case remains closed.

SO ORDERED on July 23, 2026.

/s/ *Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3